UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.:

TOYA GREEN-MOBLEY,
an Individual

      Plaintiff,

v.

C4 ADVANCED TACTICAL SYSTEMS, LLC,
a Limited Liability Company,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## WITH INJUNCTIVE AND DECLARATIVE RELIEF REQUESTED

Plaintiff, **TOYA GREEN-MOBLEY**, ("Plaintiff") files this Complaint against Defendant, **C4 ADVANCED TACTICAL SYSTEMS, LLC** ("Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action against Defendant for race and national origin discrimination to pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"), and for violation of Florida's Private Whistleblower Act, Section 448.102(3), Florida Statutes ("FWA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay,

declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under Title VII of The Civil Rights Act of 1964.

3.     This Court also has supplemental jurisdiction over Plaintiff's FCRA and FWA claims, as they arise out of the same operative facts and circumstances as her Title VII claims.

4.     At all times relevant hereto, Plaintiff was an employee of Defendant.

5.     Plaintiff worked for Defendant in Orange County, Florida, and this venue is therefore proper.

6.     Defendant is a Florida Limited Liability Company that is located and does business in, among others, Orange County, Florida, and is therefore within the jurisdiction of the Court.

7.     At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and Title VII because Plaintiff is a Black female, which is a protected category under Title VII and the FCRA.

8.     At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and Title VII because Plaintiff was retaliated against

and suffered an adverse employment action due to her race and objections to illegal discrimination regarding her race.

9.    Defendant was at all times an "employer" as envisioned by the Title VII and FCRA as it employed in excess of fifteen (15) employees.

10.    Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is therefore a covered employer as defined by the FWA.

## CONDITIONS PRECEDENT

11.    On or around October 28. 2024, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging racial discrimination and retaliation against Defendant.

12.    More than 180 days have passed since the filing of the Charge of Discrimination.

13.    On or around November 17, 2025, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

14.    On or around November 18, 2025, the FCHR issued a Notice of State's Rights against Defendant, giving Plaintiff the right to bring a civil action on her state claims within one year of her receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17. Plaintiff, a Black woman, worked for Defendant as an Accounts Receivable Clerk from April 21, 2021, until her termination on January 19, 2024.

18. During her tenure Plaintiff was an excellent employee, and had no significant history of attendance, disciplinary, or performance issues.

19. Unfortunately, during her employment at Defendant, Plaintiff was subjected to unlawful race discrimination in the form of disparate treatment.

20. This treatment was orchestrated by CEO and President, Irami Mizrahi ("Mr. Mizrahi") and Controller Mor Dermer ("Ms. Dermer").

21. During her tenure, Plaintiff noticed that Defendant's upper management treated Black employees in a less favorable way than their White, Hispanic, and otherwise non-Black counterparts.

22. Plaintiff herself was the only African-American in her department.

23. For example, Mr. Mizrahi would order Black employees to cease speaking in the break room (even if it was work-related), while non-Black employees could carry on conversations at their leisure.

4

24. In another example, Defendant's employee, Rosa Nunez, a Hispanic woman, routinely utilized her company e-mail for personal matters and tasked Plaintiff to assist her in non-work matters while on the clock but faced no negative repercussions.

25. Another employee of Defendant, Jesus "Joe" Rodriguez, helped contribute to a racist, hostile work environment by making repeated discriminatory comments such as insinuating that Asian Americans "eat cats" and referring to a Black History Month celebration as a "coon lunch."

26. Plaintiff objected to Defendant's Human Resources Department via email that she was being subject to open, hostile racist statements, but her objections were ignored and no investigation into Plaintiff's objections was made.

27. After the events of October 7, 2023, in which Palestinian militant group Hamas invaded Israeli territory and committed several attacks on Israel, the work environment with Defendant became even more hostile and racist.

28. Ms. Dermer referred to Palestinian people as "animals," and denigrated the region's entire population.

29. Horrified at this display of open racism, Plaintiff objected to HR again, and pleaded that management instruct Ms. Dermer not to discuss the war at work, but they refused.

30.    As such, employees were forced to listen to unhinged racist rants against their will, in violation of Title VII and the FCRA, with no recourse from Defendant's management.

31.    Also around this time, in the Fall and Winter of 2023, one of Plaintiff's co-workers experienced complications regarding her pregnancy.

32.    Plaintiff spoke to her co-worker, making her aware that she may be entitled to FMLA leave in order to address her pregnancy complications.

33.    In mid-December, 2023, Plaintiff objected to her Supervisors that their actions were violating the Family Medical Leave Act and the Pregnancy Discrimination Act.

34.    Shortly thereafter, on January 16, 2024, Plaintiff was suspended for allegedly sending "personal emails" on the company server, which were emails sent by Plaintiff's pregnant co-worker that Plaintiff assisted with drafting.

35.    A few days later, on January 19, 2024, Plaintiff was terminated by Defendant, effective immediately.

36.    It is clear that Defendant terminated Plaintiff because of her race/color, as well as in retaliation for her objections to the workplace discrimination Defendant created.

37.    It is clear that Defendant also terminated Plaintiff's employment in retaliation for Plaintiff's objections to Defendant's various violations of law.

38.    Any other reason theorized by Defendant is mere pretext.

39.    Defendant did not have a good faith basis for its actions.

40.    Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason, for its actions.

41.    As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

42.    Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

43.    The close temporal proximity between Plaintiff's objections/refusal and the negative employment action taken against her, i.e., termination, establishes a causal link between Plaintiff's protected activity and Defendant's retaliatory acts.

44.    Defendant's conduct was so willful, wanton, and in reckless disregard of Plaintiff's statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

45.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

46.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII
## DISPARATE TREATMENT DISCRIMINATION

47. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 7, 9, 11 through 13, 15 through 29, 35 through 36, 38 through 42, and 44 through 46, above.

48. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under Title VII.

49. The discrimination to which Plaintiff was subjected was based on her race as a Black woman.

50. Plaintiff was treated disparately from other employees on the basis of her race.

51. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

53. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

8

54. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II: RACE DISCRIMINATION IN VIOLATION OF THE FCRA DISPARATE TREATMENT DISCRIMINATION

55. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 9, 11 through 12, 14 through 29, 35 through 36, 38 through 42, and 44 through 46, above.

56. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under the FCRA, Chapter 760, Florida Statutes.

57. The discrimination to which Plaintiff was subjected was based on her race.

58. Plaintiff was treated disparately from other employees on the basis of her race.

59. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

9

and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

60. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

61. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

62. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III: RACE DISCRIMINATION IN VIOLATION OF TITLE VII HOSTILE WORK ENVIRONMENT DISCRIMINATION

63. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 7, 9, 11 through 13, 15 through 29, 35 through 36, 38 through 42, and 44 through 46, above.

64. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination based on race under Title VII.

65. The consistent sneering, harassment, and discrimination of Plaintiff on the basis of her race created a hostile work environment.

66. Plaintiff suffered from an adverse employment action, including being terminated, on the basis of Plaintiff's national origin.

67. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

68. Defendant's termination of Plaintiff was willful and intentional and constitutes a reckless disregard for Plaintiff's rights.

69. Defendant had no good faith basis for terminating Plaintiff.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV: RACE DISCRIMINATION IN VIOLATION OF THE FCRA HOSTILE WORK ENVIRONMENT DISCRIMINATION

70. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 9, 11 through 12, 14 through 29, 35 through 36, 38 through 42, and 44 through 46, above.

71. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination based on national origin under the FCRA.

72. The consistent sneering, harassment, and discrimination of Plaintiff on the basis of her national origin created a hostile work environment.

73. Plaintiff suffered from an adverse employment action, including being terminated, on the basis of Plaintiff's national origin.

74. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

75. Defendant's termination of Plaintiff was willful and intentional and constitutes a reckless disregard for Plaintiff's rights.

76. Defendant had no good faith basis for terminating Plaintiff.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION IN VIOLATION OF TITLE VII

77. Plaintiff re-alleges and re-adopts the allegations contained in Paragraphs 1 through 2, 4 through 6, 8 through 9, 11 through 13, 15 through 29, 35

through 36, 38 through 42, and 44 through 46, above.

78.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII.

79.    The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on race.

80.    Plaintiff's discharge was in very close temporal proximity to her objections to Defendant that she felt she had been discriminated against based on race.

81.    Plaintiff's objections constituted protected activity under Title VII.

82.    Plaintiff was discharged as a direct result of her objections to what she reasonably believed to be discrimination based on race.

83.    Plaintiff's objections to Defendant's conduct, and her discharge, are causally related.

84.    Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

85.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary

losses.

86.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

87.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

88.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

89.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, back pay, lost wages, front pay, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT VI:  RETALIATION IN VIOLATION OF THE FCRA

90.     Plaintiff re-alleges and re-adopts the allegations contained in Paragraphs 1, 3 through 6, 8 through 9, 11 through 12, 14 through 29, 35 through 36, 38 through 42, and 44 through 46, above.

91.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Section 760.10(7), Florida Statutes.

14

92. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on race.

93. Plaintiff's discharge was in very close temporal proximity to her objections to Defendant that she felt she had been discriminated against based on race.

94. Plaintiff's objections constituted protected activity under the FCRA.

95. Plaintiff was discharged as a direct result of her objections to what she reasonably believed to be discrimination based on race.

96. Plaintiff's objections to Defendant's conduct, and her discharge, are causally related.

97. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

98. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

99. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

100. The conduct of Defendant was so willful, wanton, and in reckless

15

disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

101.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

102.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, back pay, lost wages, front pay, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT VII: UNLAWFUL RETALIATION IN VIOLATION OF THE FWA

103.    Plaintiff realleges and incorporates all allegations contained within Paragraphs 1, 3 through 6, 10, 17 through 18, 26, 30 through 35, 37 through 43, and 45 through 46, above.

104.    Defendant terminated Plaintiff from her employment in violation of Section 448.102(3), Florida Statutes.

105.    Plaintiff was retaliated and discharged in violation of Section 448.102(3), Florida Statute for objecting to illegal activity, or what she reasonably believed to be illegal activity, being conducted by Defendant.

106.    Plaintiff objected to this violation of a law, rule, or regulation, or what she reasonably believed to be a violation of this law, rule, and regulation, and was

fired as a direct result of same, which constitutes a violation of the FWA.

107.  As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and any other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 15th day of January, 2026.

Respectfully Submitted,
*/s/ Tanner M. Borges*
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com